FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA A. J., | No: 2:25-cv-00093-RLP |
| Plaintiff, | |
| v. | ORDER AFFIRMING THE COMMISSIONER'S DECISION |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 10. The Court considered the matter without oral argument. For the reasons discussed below, the Court concludes any error is harmless and the ALJ's decision is supported by substantial evidence. Therefore, Ms. J's brief, ECF No. 10, is denied and the Commissioner's brief, ECF No. 16, is granted.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 1

JURISDICTION

Ms. J. filed for disability insurance benefits (DIB) on March 16, 2022, alleging an onset date of September 1, 2020. Tr. 187088. Benefits were denied initially, Tr. 130-34, and upon reconsideration, Tr. 136-41. Plaintiff appeared at a hearing before an ALJ on March 11, 2024. Tr. 68-98. On March 29, 2024, the ALJ issued an unfavorable decision, Tr. 14-35, and the Appeals Council denied review on February 11, 2025. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore require only brief summary.

Ms. J. was born in 1971 and was 49 years old at the time of the alleged onset date. Tr. 78. She has an associate of arts degree and is four classes away from a bachelor's degree. Tr. 79. She has work experience as an accounting clerk, secretary, bookkeeper, and receptionist. Tr. 28, 75-80.  In 2022, Ms. J. filed a claim for disability insurance benefits alleging disability based on depression, anxiety, migraines, and tension headaches. Tr. 230. Ms. J. testified that depression and anxiety are the main reasons she cannot work. Tr. 84. Depression causes her to stay in bed for days or weeks at a time and that she had to leave her last job because of it. Tr. 230. She testified that leaving her home can cause her to be overwhelmed; she

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 2

has difficulty handling changes in routine, she gets distracted easily; and she has difficulty focusing and concentrating. Tr. 84-85. She experiences fatigue and naps daily. Tr. 85-86.

Physically, she has headaches daily and migraines several times per month. Tr. 86. She testified migraines last from one to three days at a time. She must lie down in a dark, quiet room when she has a migraine. Tr. 86. She also has carpal tunnel syndrome in her dominant hand. Tr. 87. She has difficulty with gripping, carrying, and writing. Tr. 87. Ms. J. has daily pain in her left foot due to a neuroma that was removed. Tr. 88. She has difficulty sleeping. Tr. 90.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 3

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must meet two criteria to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC). At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). At step five, the Commissioner considers whether, in view of the claimant's RFC, age, education, and past work experience, the claimant

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 5

is capable of performing other work in the national economy. 20 C.F.R. §

404.1520(a)(4)(v).

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish (1) the claimant is

capable of performing other work; and (2) such work "exists in significant numbers

in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d

386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Ms. J. has not engaged in substantial gainful

activity since September 1, 2020, the alleged onset date. Tr. 19. At step two, the ALJ

found that Ms. S. has the following severe impairments: mild right carpal tunnel

syndrome; mild right cubital tunnel syndrome; left foot neuroma; major depressive

disorder; bipolar disorder; and generalized anxiety disorder. Tr. 19.

At step three, the ALJ found Ms. J. does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the

listed impairments. Tr. 21. With respect to the RFC, the ALJ found Ms. J. has the

capacity to perform medium work with the following additional limitations:

> [S]he can lift, carry, push, and pull 50 pounds occasionally and
> 25 pounds frequently; she can stand and walk in combination
> for approximately 6 hours total in an 8-hour workday with
> normal breaks; she can frequently climb ramps and stairs; she
> can frequently climb ladders, ropes, or scaffolds; she can
> frequently handle and finger with the right dominant hand; she

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 6

> can frequently use foot controls with the left foot; and she can understand, remember, and carry out simple and detailed, but not complex, instructions, sustain attention and concentration to carry out simple and detailed tasks for 2 hours at a time with customary breaks throughout an 8-hour workday, and occasionally interact with the public and supervisors.

Tr. 22-23.

At step four, the ALJ found Ms. J. is able to perform past relevant work as a receptionist. Tr. 28. Alternatively, at step five, after considering and Ms. J.'s age, education, work experience, RFC, the ALJ found there are other jobs that exist in significant numbers in the national economy that Ms. J. can perform such as laboratory equipment cleaner, meat clerk, and motor vehicle assembler. Tr. 28-29.

Thus, the ALJ found Ms. J. has not been under a disability, as defined in the Social Security Act, from September 1, 2020, through the date of the decision. Tr. 29-30.

## ANALYSIS

Ms. J. alleges the ALJ made several errors in concluding Ms. J. is not disabled. Specifically, she contends the ALJ erred by (1) failing to adequately account for all limitations contained in the Psychiatric Review technique in the RFC finding; (2) improperly evaluating the prior administrative medical findings; and (3) improperly evaluating the vocational expert testimony. Ms. J. argues that because of these errors, the ALJ's nondisability finding is not supported by substantial evidence. She contends the remedy for the foregoing errors is to remand this matter for further proceedings.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 7

The Court concludes the ALJ did not err in evaluating Ms. J.'s RFC or the prior administrative medical opinions. The ALJ erred in evaluating Ms. J.'s past relevant work at step four and may have improperly considered one job at step five. However, because the ALJ's alternative step five finding is supported by substantial evidence despite the error, any error is harmless. Each of Ms. J.'s claims of error are addressed in turn.

## 1. Psychiatric Review Technique Limitations and RFC

Ms. J. contends the ALJ's RFC finding failed to adequately account for the moderate limitation in the domain of concentrating, persisting, or maintaining pace assessed as part of the Psychiatric Review Technique at step three. Ms. J. argues the RFC finding is therefore not supported by substantial evidence.

In evaluating mental impairments at step three, ALJ's must utilize the Psychiatric Review Technique to assess an individual's mental limitations and restrictions in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings. Social Security Ruling 96-8p, 1996 WL 374184, at *4 (effective July 2, 1996); 20 C.F.R. § 404.1520a. An ALJ evaluates paragraph B and paragraph C criteria to determine if the severity of the claimant's mental impairment meets or is medically equal to the criteria of a listed impairment. *See* 20 C.F.R. Pt. 404, Subpt, P, App. 1. The limitations identified in the paragraph B and paragraph C criteria "are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 8

96-8p, 1996 WL 374184, at *4. In formulating the mental RFC assessment used at steps four and five of the sequential evaluation process, the ALJ is required to perform "a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments." *Id*.

Thus, "[w]hile similar evidence may be used in both assessments of Plaintiff's mental impairments, they are distinct, and limitations assessed in the context of the paragraph B assessment are not necessarily transferable to the more detailed assessment required when formulating the RFC." *JW U.C. v. Comm'r of Soc. Sec.*, 2019 WL 3451515, at *2 (W.D. Wash. July 31, 2019) (citing SSR 96-8p). "As such, the question is not whether the ALJ's paragraph B findings are consistent with the RFC, but whether the ALJ has provided an adequate explanation for the mental limitations contained in the RFC." *Id*.

As relevant here, a "finding that an individual has 'moderate' limitations in the paragraph B criteria domains does not require the ALJ to assess a specific degree of functional limitation in the RFC." *Id.*, at *3. Thus, in this case the ALJ's finding that Ms. J. is moderately limited in concentration, persistence, and pace with respect to Plaintiff's Paragraph B criteria did not require the ALJ to assess a specific degree of functional limitation in the RFC. *See Thomas v. Astrue*, 2010 WL 3260139, at *6 (E.D. Cal. Aug. 18, 2010) ("Plaintiff is incorrect, however, in arguing that these moderate difficulties were part of the RFC finding. The ALJ's determination that

1 Plaintiff had moderate difficulties in concentration, persistence and pace was made

2 at the step two and three severity analysis. Unlike the analysis at steps two and three,

3 where the ALJ examines the degree of limitation, RFC is the most a claimant can do,

4 'despite [her] limitations.' " (quoting 20 C.F.R. § 404.1545(a)).

5       Ms. J. clarifies that she is "not suggesting that the severity of her impairment

6 requires a corresponding limitation on basic work activities" but instead that "the

7 PRT finding of moderate issues in concentration, persistence, or pace warranted

8 some form of limitation" greater than the RFC limitation of "sustain attention and

9 concentration to carry out simple and detailed tasks for 2 hours at a time with

10 customary breaks." ECF No. 17 at 5; Tr. 23. "The ALJ's task when assessing the

11 RFC is not to provide an adequate explanation for how the RFC accommodates the

12 ALJ's paragraph B findings, but rather to perform a new, more detailed assessment

13 incorporating all the relevant evidence." *JW U.C.,* 2019 WL 3451515, at *2. The

14 Ninth Circuit has indicated that the relevant inquiry regarding the RFC finding is

15 whether the RFC limitations are supported by the properly weighted medical

16 evidence. *See Stubbs-Danielson*, 539 F.3d 1169, 1173-74 (9th Cir. 2008).

17       Here, the ALJ reviewed the evidence of mental health limitations. Tr. 25. The

18 ALJ considered that Ms. J.'s mental impairments have been well-managed with

19 medication and counseling. She has reported doing well when taking medication as

20 prescribed and had good response to alternative therapies such as ketamine and TMS

21 treatment. Tr. 25 (citing e.g., Tr. 386, 388, 391, 409, 413, 69-70, 714, 718, 998,

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 10

1102, 1115, 1138, 1205, 1208, 1226). The ALJ observed that there are few objective findings of abnormalities on mental status exams, with frequently normal mental status exam findings. Tr. 25 (citing e.g., Tr. Tr. 349, 361, 370, 385, 387, 389, 632, 636, 640, 644, 648, 652, 716, 1000, 1150, 1195, 1206, 1228). All of these are reasonable considerations and are supported by numerous citations to the record. Ms. J. does not contend the ALJ erred in evaluating this evidence. Accordingly, the RFC finding is supported by substantial evidence.

### 2. Prior Administrative Medical Findings

Ms. J. contends the ALJ failed to adequately evaluate the prior administrative medical findings of Rita Flanagan, Ph.D., and Alvin Smith, Ph.D. According to Ms. J., this calls into question the adequacy of the RFC finding.

In August 2022, Dr. Flanagan reviewed the record and made a residual functional capacity assessment that Ms. J. is moderately limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace. Tr. 104. In narrative, Dr. Flanagan stated:

> The claimant retains the capacity to carry out tasks that are complex in nature on a consistent basis in a competitive work environment. Furthermore, the claimant retains the capacity to maintain CP&P [concentration, persistence, and pace] for up to 2-hours continuously, maintain adequate attendance, and complete a

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 11

normal workday/workweek within normal tolerances of competitive workplace.

Tr. 104. Dr. Smith reviewed the record in February 2023 and made the same findings. Tr. 119-20.

An ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c. Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. § 404.1520c(b)(2); *see* 20 C.F.R. § 404.1520c(c)(1)-(5).

The ALJ found the opinions of Drs. Flanagan and Smith persuasive. Tr. 26. The ALJ found the opinions are "generally supported by their own analyses and consistent with the other evidence in the record" and referenced earlier discussion of the record. Tr. 26. The ALJ cited the lack of significant objective abnormalities noted on mental status exams and documentation of good response to treatment and no need for inpatient hospitalization as supportive of and consistent with Dr. Flanagan's and Dr. Smith's opinions. Tr. 26.

Ms. J. contends that the ALJ's finding is not supported by substantial evidence because the supportability factor was not adequately considered. ECF No. 10 at 10. She observes that Dr. Flanagan and Dr. Smith each opined that Plaintiff has a

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 12

1    moderate limitation in concentration, persistence or pace, Tr. 102, 116, but also

2    opined that Ms. J. could persist for two hours at a time, Tr. 104, 120. According to

3    Ms. J., this is the same as an individual with no limitations because workers already

4    receive breaks every two hours and cannot be correct because she had *some* level of

5    limitation in concentration, persistence, and based on the B criteria finding. Ms. J.

6    contends this presumed conflict or inconsistency in the opinions undermines the

7    ALJ's supportability finding.

8    However, as discussed above regarding the relationship between the B criteria

9    and the RFC finding, Ms. J. is comparing two different assessments made by Drs.

10    Flanagan and Smith. The moderate limitation in concentration, persistence, or pace

11    was assessed by both doctors in evaluating the B criteria, which rates the severity of

12    an impairment found at step two. Tr. 102, 116; SSR 96-8p. The assessment of the

13    ability to persist for two hours a time is a functional assessment, which is not a

14    severity rating but is the most the individual can do with her impairment. Tr. 104,

15    120. Furthermore, in assessing RFC limitations, Dr. Flanagan and Dr. Smith both

16    opined that Ms. J. has limitations in the category of "sustained concentration and

17    persistence," but in rating the functional subcategories, they found Ms. J.'s ability to

18    maintain attention and concentration "not significantly limited." Tr. 104, 119.

19    Rather, the concentration and persistence limitations assessed were moderate

20    limitations regarding maintaining attendance and performing within in a schedule

21    and in completing a normal workday and workweek. *Id.* Those limitations were

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 13

addressed by the doctors in their narrative explanations and are consistent with the RFC finding.

Furthermore, comparing the severity of limitations assessed in evaluating the B criteria with the RFC limitations is not dispositive of the supportability of Dr. Flanagan's or Dr. Smith's opinion. Instead, the question is whether the ALJ findings regarding the supportability and consistency of Dr. Flanagan's and Dr. Smith's opinions are supported by substantial evidence in the record. Here, the ALJ cited numerous records related to treatment and objective findings which support the ALJ's conclusions. Tr. 26 (citing e.g., Tr. 349, 361, 370, 385, 387, 389, 632, 636, 640, 644, 648, 652, 716, 1000, 1150, 1195, 1206, 1228). Plaintiff does not challenge the ALJ's evaluation of the record and the Court finds it is supported by substantial evidence.

Ms. J. contends that the ALJ "did not explain (*in a supportability analysis*) why Dr. Flanagan's and Dr. Smith's PRT and RFC assessment were consistent." ECF No. 17 at 4 (emphasis in original); ECF No. 10 at 10. Ms. J. suggests that the "more detailed assessment" language in SSR 96-8p and the requirement of a supportability analysis in 20 C.F.R. 404.1520c(b)(2) mean that the ALJ is required to explain how the difference between a B criteria finding and the RFC is

supportable.[1] However, the regulations indicate that in evaluating supportability, "the more relevant the objective medical evidence and supporting explanations provided by a medical source to support his or her opinion, the more persuasive the medical opinion will be." 20 C.F.R. § 404.1520c(c)(1)-(2). As noted above, the ALJ considered the objective medical evidence and the narrative explanation of Drs. Flanagan and Smith in evaluating supportability. This is consistent with the regulations and is supported by substantial evidence.

### 3. Vocational Expert Testimony

Ms. J. contends the ALJ failed to adequately evaluate the vocational expert's testimony which means the decision is not supported by substantial evidence. Ms. J. contends the ALJ erred by failing to identify and inquire about conflicts between Ms. J.'s RFC and jobs identified by the vocational expert.

At step four, based on the vocational expert's testimony, the ALJ found that Ms. J. can perform her past relevant work as a receptionist. Tr. 28. Ms. J. first

---

[1]While SSR 96-8p indicates that a mental RFC assessment "requires a more detailed assessment" than the Psychiatric Review Technique (which includes the B criteria), the RFC finding is based on *all* of the relevant evidence in the case record. SSR 96-8p, 1996 WL 374184, at *4-5. Ms. J. points to no authority requiring the ALJ to specifically comment on a comparison between the B criteria and a doctor's residual functional capacity assessment and the Court finds none.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 15

contends the Dictionary of Occupational Titles indicates that the job of receptionist requires a temperament of "P: Dealing with PEOPLE," which is defined as "[i]nvolves interpersonal relationship in job situations beyond receiving work instructions." DICTIONARY OF OCCUPATIONAL TITLES, No. 237.367-038, 1991 WL 672192. Ms. J. contends the RFC limitation of "occasionally interact with the public and supervisors" conflicts with the DOT temperament requirement of "dealing with people" for a receptionist job and that the ALJ's failure to ask the vocational expert about this conflict is error.[2]

If there is an apparent conflict between the expert's testimony and the Dictionary of Occupational Titles, the ALJ has an affirmative duty to ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). "The conflict must be 'obvious or apparent' to trigger the ALJ's obligation to inquire further." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017).

---

[2] SSR 24-3p, indicates that effective January 6, 2025, the Administration "will no longer require our adjudicators to identify and resolve conflicts between occupational information provided by VSs and VEs and information in the DOT." Social Security Ruling 24-3p, 2024 WL 5256890.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 16

The Commissioner contends the temperament requirement is not a consideration in evaluating the occupational requirements of a job. The Commissioner cites Social Security Administration Emergency Message EM-21065, a policy update effective January 6, 2025, which explains the DOT temperament ratings "do not represent functional requirements for work because they reflect the personal interests, natural abilities, and personality characteristics of job incumbents rather than occupational requirements that adjudicators must consider." Accordingly, they are "generally inconsistent with SSA's terms." [3] Ms. J. observes the Emergency Message refers to SSR 24-3p, which states that it is effective January 6, 2025, and that it will only be applied to new applications on or after the applicable date, suggesting it is not applicable in this case.[4] Social Security Ruling 24-3p, 2024 WL 5256890, n.1 (December 6, 2024).

Regardless of the applicable date of SSR 24-3p and the Emergency Message, the Court concludes the ALJ's failure to inquire regarding the potential conflict is

---

[3]Social Security Administration EM-2106 is available at https://secure.ssa.gov/apps10/reference.nsf/links/01062025085235AM.

[4]It is noted that SSR 24-3p also indicates that for matters remanded to the Administration after the applicable date, "we will apply this SSR to the entire period at issue." If this matter were remanded for further proceedings, SSR 24-3p would be applicable on remand.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 17

error. *See Keller v. Berryhill*, 2017 WL 2432142, at *4 (C.D. Cal. June 5, 2017) (concluding ALJ erred at step four by failing to inquire or reconcile vocational expert testimony that a hypothetical individual with a limitation of "occasional contact with others" could perform a job requiring the temperament of dealing with people). The conflict seems obvious because a commonly understood requirement of a receptionist job is dealing with people. The ALJ should have identified the conflict and inquired of the vocational expert regarding the impact of a limitation to occasional contact with others regarding the receptionist job.

Ms. J. next contends the ALJ also erred in considering the vocational expert's testimony that a hypothetical person with Ms. J.'s RFC could perform her past relevant work as a receptionist because the requirements of the job exceed her RFC. Tr. 92-93. The Dictionary of Occupational Titles (DOT) indicates receptionist has a Specific Vocational Preparation (SVP) of 3; Ms. J. contends the RFC finding limiting her to "simple and detailed, but not complex, instructions" and "simple and detailed tasks" is consistent with an SVP of 2, and that the ALJ's failure to ask the vocational expert about this apparent conflict constitutes error.[5] However, having

---

[5] Specific Vocational Preparation is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 18

already found the ALJ erred at step four, the Court need not determine whether this constitutes additional error.

Even though the ALJ's step four finding involves error, it is harmless error because the ALJ made an alternative finding at step five. *Tommasetti v. Astrue*, 533 F.3d 1035, 1042-1043 (9th Cir. 2008). At step five, the ALJ concluded that, if Ms. J. could not perform past work, she could still perform other work that exists in significant numbers in the national economy. Tr. 28-29; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). The ALJ found Ms. J. could alternatively perform the jobs of laboratory equipment cleaner (50,800 jobs in the United States), meat clerk (69,500 jobs in the United States), or motor vehicle assembler (305,225 jobs in the United States).

Ms. J. contends the ALJ erred in considering the vocational expert's testimony regarding the laboratory equipment cleaner job. The RFC finding includes a limitation of "frequent handle and finger with the right dominant hand," Tr. 23; the DOT indicates that the job of laboratory equipment cleaner requires handling "constantly." DOT No. 381.687-022, 1991 WL 673259. Ms. J. contends the ALJ's failure to ask the vocational expert about this inconsistency constitutes error.

---

situation. DICTIONARY OF OCCUPATIONAL TITLES, Appx. C, subsection II, 1991 WL 688702.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 19

Even assuming the job of laboratory equipment cleaner is not available based on the handling requirement, the remaining jobs identified by the vocational expert and credited by the ALJ are available in the national economy in significant numbers. The jobs of meat clerk and motor vehicle assembler combine to equal 374,725 jobs available in the national economy. While the Ninth Circuit has not established a "bright-line rule for what constitutes a 'significant number' of jobs," *Beltran*, 700 F.3d at 389, it has held the availability of 25,000 national jobs constitutes a significant number of jobs, *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 528-29 (9th Cir. 2014). Thus, the availability of 374,725 jobs in the nation is a significant number. Accordingly, the ALJ's step five finding is supported by substantial evidence, and any error is harmless. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006) (determining error is harmless if it is inconsequential to the ultimate nondisability determination); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114-15 (9th Cir. 1999) (declining to address alleged error regarding one job at step five because the number of positions for another job constituted a significant number).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. The Court affirms the Commissioner's decision.

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 20

Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Brief, **ECF No. 10**, is **DENIED**.

2.  Defendant's Brief, **ECF No. 16**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for the Defendant and the file shall be **CLOSED**.

**DATED** January 23, 2026.

REBECCA L. PENNELL
United States District Judge

ORDER AFFIRMING THE COMMISSIONER'S DECISION ~ 21